**HOUSTON, E. & W. T. RY. CO. v. OWENS.**
**(No. 1363.)**

(Court of Civil Appeals of Texas. Beaumont. March 13, 1926. Rehearing Denied March 24, 1926.)

1. **Railroads** ⚖═348(4)—Evidence as to backing train over crossing at night, without light or any one to give warning, held to sustain finding of negligence which was proximate cause of collision with automobile.

Evidence that train was backing down track at nighttime over a public street, without a light on end of train nor any one to give warning of its approach, *held* to sustain finding of negligence of railroad, and that such negligence was proximate cause of collision with plaintiff's automobile, and consequent injuries to plaintiff.

2. **Appeal and error** ⚖═1008(1).

Trial judge's determination in a purely fact case is binding on appellate court.

Appeal from District Court, Polk County.

Action by Ira Owens against the Houston, East & West Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Feagin & Feagin, of Livingston, and Garrison & Watson and Baker, Botts, Parker & Garwood, all of Houston, for appellant.

Rowe & Rowe, of Livingston, for appellee.

HIGHTOWER, C. J. The appellee, Owens, filed this suit in the district court of Polk county against appellant for damages alleged to have been sustained on the night of August 31, 1924, while the appellee was driving his automobile from church to his home in the town of Corrigan. The accident occurred at a street crossing over appellant's railway track in the town of Corrigan. At the place of the accident there were three tracks crossed by the street, running parallel with each other. Appellee alleged that after he had crossed the first and second tracks a box car attached to a string of cars suddenly and without warning appeared within range of his lights on the automobile, traveling south on the third track; that appellee was driving his car at a low rate of speed, and was using due care; that he was unable to stop his car in time to prevent a collision between it and the

box car. He alleged that after he first discovered the approach of the train to the crossing the forward box car, which was the car on the south end of the train, struck his automobile, knocking and dragging it in the direction that the train was moving, and finally knocking it over upon the center of a parallel track of appellant, thereby inflicting injuries for which he sued. The specific grounds of negligence alleged were (1) that appellant was negligent in not keeping a watchman or some signal at the place where the street he was traveling cross the tracks of appellant; (2) that appellant was negligent in not having some one stationed at the south end of the front car that was approaching so as to see and observe appellee as he approached the crossing; (3) that appellant was negligent in not having a light on the front end or south end of the approaching train; and (4) that appellant was negligent in not blowing the whistle or ringing the bell at the time, and that all of these acts and each of them were the direct and proximate cause of his injuries.

The answer was a general demurrer and general denial, and, in addition, appellant specially alleged that the box car did not strike appellee's automobile, as alleged in his petition, but that after appellant's train had passed over the crossing appellee attempted to drive his car thereupon, without looking or listening for the train, and that he drove his automobile against the fifth car from the one that he alleged struck his automobile, and that appellee in doing so was guilty of contributory negligence.

The case was tried before the court without a jury, and the court rendered judgment in favor of appellee for $400. No formal findings of fact or conclusions of law were filed, and the case is presented here on the facts adduced upon the trial.

Appellant's first and second propositions raise the same point, which is that the evidence showed conclusively that the accident did not occur as pleaded by appellee, but, on the contrary, that the undisputed and uncontradicted evidence showed, as well as the physical facts, that appellee drove his automobile into and against appellant's train of cars that had covered the crossing before appellee's automobile reached the crossing, and that he was guilty of contributory negligence in driving his car against appellant's train then occupying the crossing. This, states, in substance, appellee's only contention in this case that can be considered.

[1] We think that the evidence was sufficient to warrant the trial court in concluding that appellant was guilty of negligence in not having a watchman or some signal on the front car that was approaching the crossing at the time of the accident. It was after night and dark, and this train was backing down the track and over a public street in the town of Corrigan, and there was no light on the end of the train, nor any one to give warning of its approach. We say, aside from the other allegations of negligence, the court was warranted in concluding, as presumably he did, that appellant was guilty of negligence in not having a signal or some watchman on the end of the approaching train, and the trial court was further warranted in concluding that this negligence was the proximate cause of the collision and the consequent injuries to appellee.

[2] The rule here insisted upon by learned counsel for appellant is that, where the state of all the evidence adduced upon the trial, when considered in the light of the undisputed physical facts, shows that the accident in question did not happen as alleged by the plaintiff, it is the duty of the trial court to instruct a verdict for the defendant. We are aware of the rule contended for by appellant, and have applied it on several occasions, but we hold in this case that there was sufficient evidence to warrant the trial court's conclusion, which is involved in this judgment, that this accident did occur as alleged by the appellee. There would be no useful purpose served in further discussing this matter. It was purely a fact case before the trial judge, and his determination of such issues are binding upon this court.

The judgment is affirmed.